89

United States District Court
Southern District of Texas
ENTERED

JAN 21 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN A. LAIRSEN and BETH A. LAIRSEN, Individually and As Next Friends of AMANDA J. LAIRSEN, A Minor | § § § § § | |
| VS. | § | C.A. NO. B-96-147 ✓ |
| MISSOURI PACIFIC RAILROAD COMPANY dba UNION PACIFIC RAILROAD COMPANY; FMC CORPORATION and GARY R. LILLY | § § § § § | |

---

| | | |
|---|---|---|
| ELVA AGUIRRE, ET AL. | § § | |
| VS. | § § | C.A. NO. B-98-010 |
| MISSOURI PACIFIC RAILROAD COMPANY, ET AL. | § § | |

### ORDER OF REFERRAL OF CASES TO MEDIATION

The Court, having reviewed the pleadings on file in the above-styled causes of action and the nature of the proceedings therein, has determined that these cases are appropriate for a form of alternative dispute resolution known as mediation. The Court has also become aware that the parties have not yet mediated either of these cases and that these cases are sufficiently related that joint mediation would be appropriate.

Mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third party facilitator: the mediator. All proceedings in a mediation session are confidential and privileged from discovery. No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session upon any person entering, leaving, or attending any mediation session.

All counsel are directed to select a mediator agreeable to all parties and contact the mediator to arrange the logistics of mediation within fourteen (14) days from the date of this Order. The Court Clerk shall be notified in writing of

the selected mediator or that no mediator could be agreed upon. If the Court Clerk is notified that no mediator is agreed upon, the Court will appoint a mediator.

Following the mediation, the Court will be advised only that the case did or did not settle. No other information will be transmitted to the Court by the mediation organization or any other party.

The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the parties unless otherwise agreed upon or ordered. Each party and its counsel will be bound by the Rules for Mediation and shall timely complete and return as directed by the mediator any information forms as are furnished by the mediator.

Representative Plaintiffs and their attorneys of record shall be present during the entire mediation process with authority to negotiate a settlement. Corporate representatives of each of the Defendants and Defendants' attorneys of record, as well as a representative of any insurance company which may maintain insurance coverage for these claims, shall be present during the entire mediation process with authority to negotiate a settlement. Counsel and parties shall proceed in a good faith effort to try to resolve these cases and shall agree upon a mediation date within 60 days from the date of this Order. If no agreed date can be scheduled within 60 days from the date of this Order, then the mediator will select a date within the following 30 days and the parties shall appear as directed by the mediator. In any event, mediation will occur within 90 days from the date of this Order.

Referral to alternative dispute resolution is not a substitute for trial, however, and the cases will be tried if not settled. The mediator shall notify this Court and the Clerk, in writing, no later than 90 days from the date of this Order whether the mediation did or did not result in settlement.

SIGNED THIS 21 day of JAN, 1999, in Brownsville, Texas.

JOHN WM BLACK, U.S. MAGISTRATE JUDGE